NATIONAL STARCH CO. v. KOSTER.

(Circuit Court, S. D. New York. June 6, 1906.)

1. TRADE-MARKS AND TRADE-NAMES—UNFAIR COMPETITION—SIMILARITY OF DRESS.

Where articles of merchandise of the same kind are made by different manufacturers in the same city, the name of which appears on the packages, one having a long established reputation, a later manufacturer is required to exercise care to differentiate his packages, so that purchasers will not confuse the two products.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 73, 74, 86.

Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376].

2. SAME—RIGHT TO INJUNCTION—FRAUDULENT USE OF PACKAGES BY COMPLAINANT.

A motion for preliminary injunction to restrain unfair competition by the imitation of complainant's packages will not be granted although such imitation is shown where there is evidence which, though disputed, tends to show that complainant has used its packages for an article different from that for which they were designed, of inferior quality, and not made at the place thereon stated.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trade-Marks and Trade-Names, §§ 94, 108.]

In Equity. On motion for preliminary injunction.

Louis C. Raegener, for the motion.
Archibald Cox, opposed.

LACOMBE, Circuit Judge. In the case of the small yellow packages of edible cornstarch and the large wooden six-pound boxes of gloss starch, I think there has manifestly been an attempt to imitate complainant's style of package. There are so many resemblances that defendant's packages might readily be mistaken for complainant's when none of the others would. That these resemblances are unnecessary is seen from an inspection of the packages of other manufacturers, who seem to have had no difficulty in differentiating them. Using, as it does, the name Oswego, the defendant, or, rather, the manufacturer from whom he bought, was required to be careful not to mislead the public in any way, so as to confuse the identity of the two products, both made in Oswego—the one for more than 25 years, the other quite recently. Injunction would issue against these particular styles of packages were it not for the dispute as to the character and quality of the starch which complainant made temporarily in Indianapolis, and sold in the old style of package without any announcement that it was not made at Oswego. There is a conflict of evidence on this point, and it should be reserved for final hearing.

Motion denied.